UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Exeter Energy Limited Partnership,
        *Plaintiff,*                                    Civil No. 3:09cv939 (JBA)

        *v.*

Meridian Operations, LLC,                              July 9, 2009
        *Defendant.*

ORDER OF REMAND

On June 12, 2009 Defendant Meridian Operations, LLC ("Meridian") timely removed this action brought in state court by Plaintiff Exeter Energy Limited Partnership ("Exeter"). The removal statute provides that an action not involving "a claim or right arising under the Constitution, treaties or laws of the United States . . . shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). On June 18, 2009 the Court issued an Order to Show Cause stating, in part:

> The citizenship of a non-corporation artificial entity is that of the states of which each of the entity's members is a citizen. *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96 (1990). Meridian urges that the Court disregard, for purposes of determining the propriety of removal under § 1441(b), Venus Holdings, LLC ("Venus"), which is a member of RMD Americas USA, LLC ("RMD"), itself a member of Meridian. Like a set of Russian nesting dolls, the corporate structure here can be unpacked in the following way: [an] unnamed Connecticut individual is a member of Venus, in turn a member of RMD, in turn a member of Meridian. Meridian argues that because Venus "owns" less than 1% of RMD, Venus should carry no weight in determining Meridian's citizenship. This is an approach the Supreme Court has expressly rejected:
>
> > In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to

> our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," "the several persons composing such association," "each of its members."

*Carden*, 494 U.S. at 195–96 (citations omitted).

Thus, because one of Meridian's member's member's members is from Connecticut, Meridian must be considered a citizen of Connecticut for purposes of determining the propriety of removal. Meridian nonetheless suggests, without citation to authority, that the Court consider Venus itself a "jurisdictional 'spoiler'" because it plays such a small role in RMD. Defects in this Court's subject-matter jurisdiction cannot be minimized and ignored, for "'[i]t is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (citation omitted). It is true that "a defect in jurisdiction may be curable by *nunc pro tunc* dismissal of dispensable jurisdictional spoilers, pursuant to Fed. R. Civ. P. 21." *SCS Communications, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 335 (2d Cir. 2004). But Rule 21 concerns the Court's power to "add or drop a *party*" (emphasis added), while in this case the defect is inherent to Meridian, which is the only named defendant.

Removal appears to have been improper under 28 U.S.C. § 1441(b) because the named defendant, Meridian, is a citizen of Connecticut. Meridian is therefore ordered to show cause, no later than July 2, 2009, why this action should not be remanded to the Connecticut Superior Court, Judicial District of Windham, at Putnam. If Meridian fails to respond or fails to show cause, this case will be ordered remanded on July 6, 2009.

(Order to Show Cause [Doc. # 9] at 3–4.)

Thereafter, Meridian submitted a Statement in accordance with this District's Standing Order on Removed Cases, in which it stated: "One of Defendant, Meridian Operations, LLC's member's member's members is a citizen of Connecticut." (Statement [Doc. # 10] at ¶ 2.) Meridian has provided no legal authority permitting the Court to disregard this Connecticut citizen as a "jurisdictional 'spoiler.'" Meridian must thus be

considered a citizen of Connecticut.  Therefore, removal was improper under 28 U.S.C.

§ 1441(b), and this action must be remanded.  The Clerk is directed to remand this case to

the Superior Court of Connecticut, Judicial District of Windham, at Putnam.


IT IS SO ORDERED.


_____/s/_____

Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 9th day of July, 2009.